IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2806-JDT-dkv |
| | ) | |
| AMY WEIRICH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS AND PENDING MOTIONS,
ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 17, 2015, Plaintiff Pamela Moses, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis* on December 18, 2015. (ECF No. 4.) On December 21, 2015, Plaintiff filed an amended complaint which included a motion for class certification (ECF No. 5); Plaintiff also filed an emergency motion for a temporary restraining order and preliminary injunction on December 28, 2015 (ECF No. 6).

Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") on January 19, 2016, in which she recommended denying the motion for class certification,[1] denying Plaintiff's

---

[1] Although the Magistrate Judge stated the motion for class certification was denied (ECF No. 7 at 45), the Court will treat that statement as a recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), a Magistrate Judge may submit only a recommendation for the disposition of a motion "to dismiss or to permit maintenance of a class action."

motion for injunctive relief, and dismissing the case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 7.) On January 20, 2016, Plaintiff filed a motion to order service of process and a motion for an emergency hearing on her request for injunctive relief. (ECF Nos. 8 & 9.) She filed a timely objection to the R&R on February 1, 2016, which also includes, *inter alia*, motions for a temporary stay, to amend, and to appoint counsel for Plaintiff and a special master for the proposed class. (ECF No. 10.)

Magistrate Judge Vescovo found that Plaintiff's claims for preliminary and permanent injunctive relief should be dismissed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiff's state criminal proceeding is still on appeal; therefore, her constitutional claims could be raised in that proceeding. The Magistrate Judge also concluded that none of Plaintiff's claims for money damages stated a claim on which relief may be granted.

In her somewhat rambling objections to the R&R, Plaintiff appears to contend that all of the criminal prosecutions brought against her since 2014 were malicious and retaliatory, stemming from her previous opposition to and conflict with Shelby County General Sessions Court Judge Phyllis Gardner. (ECF No. 10 at 1-2.) Plaintiff alleges that her guilty plea to the charges in state court was obtained by threats, coercion and duress. (*Id.* at 3.) However, as stated, *supra*, her criminal case is still on appeal and has not terminated in her favor. Therefore, the Court agrees with the Magistrate Judge's determination that under both *Younger* and *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff may not assert § 1983 claims challenging her state criminal proceedings.

Plaintiff makes no specific objections to Magistrate Judge Vescovo's determination that the claims of excessive force, the purported claims under 18 U.S.C. § 242, the claim for deliberate indifference to medical needs, the claim asserting municipal liability, the claims for retaliatory and

2

discriminatory failure to hire, and the claims brought pursuant to Tennessee law all are insufficient to state a claim on which relief may be granted. The Court agrees with those conclusions.

The Court also agrees with the Magistrate Judge's recommendation to deny the motion for class certification. Plaintiff's allegations fall far short of meeting the prerequisites of Federal Rule of Civil Procedure 23(a).

Plaintiffs' objections to the R&R are DENIED. Magistrate Judge Vescovo has extensively and thoroughly addressed Plaintiff's claims. Her reasoning and conclusions are sound, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court fully ADOPTS the R&R. All of Plaintiff's pending motions are DENIED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss

3

this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE